Stewart, J.,
 

 dissenting. I concur in the syllabus but ■dissent from the judgment. I am of the opinion that a statement in a hospital record as to the cause of an ■accident which resulted in injuries to a patient is inadmissible within the purview of Section 12102-23, General Code, and that such a statement should be excluded unless there is evidence that the statement
 
 *446
 
 was made by the patient and that it constitutes an admission against interest.
 

 In this case the hospital emergency-room librarian was offered as a witness by plaintiff, and was interrogated as to information in the hospital record, with reference to plaintiff.
 

 On cross-examination by counsel for defendant, such witness was asked:
 

 “Do you have the statement on there as to the history that was
 
 obtained from the
 
 patient?” (Italics ours.)
 

 Over objection, she answered, “Yes, we do.”
 

 She was then asked the question, “And would you read what your record shows in that regard?”
 

 Over objection, she answered, reading, “ ‘Where happened: Seventeenth and Euclid, Euclid car. How happened: Pell off streetcar, caught heel.’ ”
 

 In the opinion of the majority it is assumed that the emergency-room librarian made that answer only from the record and that it was objectionable as hearsay.
 

 I cannot see how such an assumption can be made. The witness said that the statement was obtained from the patient. The witness could know that of her own knowledge only if the patient made the statement to her or if she heard the patient make it. If it was claimed that the witness was testifying from hearsay, one or two questions on redirect examination would have tested that fact. But no such questions were asked and the answer that the statement was obtained from the patient was allowed to stand unchallenged. That it was an admission against interest, which plaintiff in effect denied, is shown by plaintiff’s testimony that her heels were on her shoes after the accident and that she had told the people at the hospital that she was thrown from the streetcar. Therefore, it seems to me that the statement made by the librarian
 
 *447
 
 was admissible, not because it was part of tbe hospital record but because it was an admission against interest which the librarian testified had been obtained from the patient, plaintiff, herself.
 

 Even assuming that the statement should not have been admitted, there is a grave question whether its admission was prejudicial.
 

 The issue as to negligence in this case was a simple one. If the motorman negligently started the car while plaintiff was alighting from it and she was thrown and injured, she was entitled to recover, whether she caught her heel or was thrown onto the street or the step of the car. • If the car was not in motion as she alighted, she was not entitled to recover, whether or not she caught her heel, or wherever she may have been thrown.
 

 The jury answered “yes” to a special interrogatory submitted to it, which read as follows:
 

 “Do you find from the evidence in this case that the streetcar remained standing when and at the time that the plaintiff fell?”
 

 Since the plaintiff could not recover in any event in this case unless she was thrown by the negligent starting or moving of the car by the motorman, it seems to me that substantial justice was done in view of the jury’s special finding.
 

 In a case exactly like the present one Judge Spear said:
 

 “The issue thus made was a simple one. Did the accident happen by reason of the negligent starting of the car while the plaintiff was in the act of alighting from it? If it did then she was entitled to recover. If it did not she was not.”
 
 Cincinnati Traction Co.
 
 v.
 
 Forrest,
 
 73 Ohio St., 1, 4, 75 N. E., 818.
 

 Weygandt, C. J., and Sohngen, J., concur in the foregoing dissenting opinion.